UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GREGORY MCDONALD                                                    PETITIONER

VERSUS                                        CIVIL ACTION NO. 2:25-CV-140-HSO-RPM

COMMISSIONER BURL CAINE et al                                      RESPONDENTS

### REPORT AND RECOMMENDATIONS

Before the Court is Respondents Commissioner Burl Caine's and Warden Angelena Johnson's [9] Motion to Dismiss the federal habeas petition filed by Petitioner Gregory McDonald. On September 25, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [1]. At the time the petition was filed, he was incarcerated at the East Mississippi Correctional Facility.

### Background

Petitioner was indicted on four counts of aggravated assault, one count of shooting into a motor vehicle, and one count of shooting into a dwelling. [8-1] at 4. He ultimately pled guilty to two counts of aggravated assault, and the remaining four counts were dismissed with prejudice in exchange for his guilty plea. *Id.* at 45, 47–49. On January 26, 2023, the trial court sentenced Petitioner to serve twenty-year consecutive terms on each aggravated-assault count. *Id.* at 66. For the first count, he was sentenced to twenty years, with twelve years suspended, eight years to serve, five years of post-release supervision, and the remainder of his suspended time on unsupervised post-release supervision.[1] *Id.* For the second count, he was sentenced to twenty years, with twenty years suspended and twenty years unsupervised post-release supervision. *Id.*

---

[1] Petitioner also was to receive credit for all pretrial time served. [8-1] at 66.

On September 22, 2025, more than two-and-a-half years after he was sentenced, Petitioner filed a "Motion for Relief from Void Judgment and Illegal Sentence Pursuant to Rule 60(b)(6)." *Id.* at 71. In this motion, he challenged his sentence, alleged a failure to receive credit for pretrial time served, and raised the issue of double jeopardy. *Id.* at 73–75. The trial court denied Petitioner's motion on October 2, 2025. *Id.* at 95. And Petitioner did not appeal the trial court's denial of his motion.

On September 25, 2025, Petitioner filed the instant petition.[2] He asserts four grounds: (1) his sentence exceeds statutory authority; (2) illegal consecutive stacking of incarceration and suspended/probationary terms; (3) failure to credit mandatory pretrial jail time; and (4) double jeopardy/merger of counts. [1] at 4–6. Respondents filed a Motion to Dismiss, arguing that the petition should be dismissed with prejudice as time-barred. [9]. As explained below, the Court agrees with Respondents. The petition is clearly time-barred and should be dismissed with prejudice.

### Law & Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") "establishes a 1-year limitations period for state prisoners to file for federal habeas relief, which 'run[s] from the latest of' four specific dates." *Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012) (citing 28 U.S.C. § 2244(d)(1)). The 1-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] While the petition was filed on September 25, 2025, it was signed by Petitioner on September 22, 2025. [1] at 8.

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Therefore, "unless the narrow exceptions of § 2244(d)(1)(B)–(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court."  *Grubbs v. Miss. Dep't of Corrections*, No. 3:24-CV-800-HTW-LGI, 2026 WL 452103, at *1 (S.D. Miss. Jan. 15, 2026).  In addition, a petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).

Following his guilty plea, the trial court sentenced Petitioner on January 26, 2023.  [8-1] at 66.  "Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court."  *Grubbs*, 2026 WL 452103, at *2 (citing Miss. Code Ann. § 99-35-101).  Thus, Petitioner's judgment became final when the 90-day period to seek certiorari from the United States Supreme Court expired, which was April 26, 2023.  *See Wallace v. Mississippi*, 43 F.4th 482, 497–500 (5th Cir. 2022); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  To toll the 1-year limitations period, Petitioner was required to file a motion for post-conviction relief in state court on or before April 26, 2024, but he did not do so.  As such, the 1-year limitations period ran

3

uninterrupted until expired on April 26, 2024.  Absent statutory or equitable tolling, his petition filed 17 months after the deadline expired is untimely.[3]  *Grubbs*, 2026 WL 452103, at *2.

It is clear Petitioner is not entitled to statutory tolling.  According to the record, he has not filed a motion for post-conviction relief in the state court.  28 U.S.C. § 2244(d)(2).  The Court notes that he did file a "Motion for Relief from Void Judgment and Illegal Sentence Pursuant to Rule 60(b)(6)."  [8-1] at 71.  But even if this motion were construed as a motion for post-conviction relief, the motion was not filed until September 22, 2025, approximately 17 months after the AEDPA's 1-year limitations period expired.  Therefore, Petitioner is not entitled to statutory tolling.

Likewise, Petitioner is not entitled to equitable tolling.  As previously stated, "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner is entitled to equitable tolling.  *Holland*, 560 U.S. at 649 (citation omitted).  He has failed to demonstrate either.  The Court reviewed his petition and his response to the Motion to Dismiss.  [1]; [10].  At best, Petitioner argues the 1-year limitations period does not apply under the circumstances because he alleges that his sentence is illegal and that his judgment is therefore void.  He contends that "[a] void judgment may be challenged at any time."  [10] at 3.

However, "a number of other courts have held that federal habeas petitions challenging the validity of the underlying judgment—and even as void ab initio—still must comply with the applicable statute of limitations."  *Watson v. Warden*, No. 7:20-CV-424, 2020 WL 5199282, at *2 (W.D. Va. Aug. 31, 2020); *see Gore v. Gordy*, No. 5:16-CV-1265-VEH-JEO, 2017 WL 1018735, at *1 (N.D. Ala. Mar. 16, 2017) (holding that the 1-year limitations period of 28 U.S.C. §

---

[3] Petitioner appears to concede that his petition is time-barred.  He says that he "does not ask this court to overlook the procedural rules."  [10] at 1.

2244(d)(1) "makes no exception for claims going to the jurisdiction of the state court that imposed the judgment"). "[D]istrict courts in Mississippi consistently have held that a petitioner's claim of an illegal sentence is not grounds for equitable tolling of the statute of limitations." *Wilson v. Cain*, No. 5:22-CV-69-DCB-BWR, 2023 WL 5803702, at *3 (S.D. Miss. Sept. 7, 2023) (collecting cases). So, Petitioner is not entitled to equitable tolling under this argument.[4]

As a final matter, the Court "may not grant habeas relief to a state prisoner 'unless . . . the applicant has exhausted the remedies available in the courts of the State' or the state process is absent or ineffective." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (quoting 28 U.S.C. § 2254(b)(1)). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004)). Here, Petitioner did not appeal the trial court's denial of his "Motion for Relief from Void Judgment and Illegal Sentence Pursuant to Rule 60(b)(6)," which raised similar claims. And according to the record, this was the only post-trial pleading he has filed in state court. Therefore, it also appears his claims in this petition are unexhausted because he has not presented them to the state's highest court.

## RECOMMENDATION

The undersigned recommends that Respondents' [9] Motion to Dismiss be GRANTED and that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be DISMISSED with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those

---

[4] With respect to his claims that his sentence violates state law and that his judgment is therefore void, "[f]ederal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (citation omitted).

findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 26th day of May 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE