UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**F I L E D**

Jun 16 2026

Arthur Johnston, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GREGORY MCDONALD**                                                     **PETITIONER**


**v.**                                                          **Civil No. 2:25cv140-HSO-RPM**


**COMMISSIONER BURL CAINE, et al.**                            **RESPONDENTS**


### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14], GRANTING RESPONDENTS' MOTION [9] TO DISMISS, AND DISMISSING PETITION [1] FOR WRIT OF HABEAS CORPUS WITH PREJUDICE AS UNTIMELY

On May 26, 2026, United States Magistrate Judge Robert P. Myers, Jr. entered a Report and Recommendation [14], recommending that Respondents Commissioner Burl Caine and Warden Angelena Johnson's Motion [9] to Dismiss be granted and that Petitioner Gregory McDonald's 28 U.S.C. § 2254 Petition [1] for Writ of Habeas Corpus be dismissed with prejudice as untimely.   No party has objected to the Report and Recommendation [14], and the time for doing so has passed.   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L.U. Civ. R. 72(a)(3).

After due consideration of the record and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [14] should be adopted, that Respondents' Motion [9] to Dismiss should be granted, and that the Petition [1] for Writ of Habeas Corpus should be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d).

## I.    BACKGROUND

Petitioner Gregory McDonald ("Petitioner" or "McDonald") was indicted in the Circuit Court of Jasper County, Mississippi, First Judicial District (the "Circuit Court"), on four counts of aggravated assault with a deadly weapon in violation of Mississippi Code § 97-3-7(2)(a)(ii) (Counts I through IV); one count of shooting a firearm at, or into, a motor vehicle in violation of Mississippi Code § 97-25-47 (Count V); and one count of shooting a firearm into any dwelling house in violation of Mississippi Code § 97-37-29 (Count VI).   *See* R. [8-1] at 4-5.   McDonald subsequently pled guilty to Counts I and II.   *See id.* at 4, 47.

McDonald was sentenced on January 26, 2023.   *See id.* at 66.   As to Count I, he received twenty years imprisonment with the Mississippi Department of Corrections ("MDOC") with 12 years suspended, 8 years to serve incarcerated, 5 years of suspended time to be served on post-release supervision, and the remaining suspended time to be served on unsupervised post-release supervision.   *See id.*   As to Count II, McDonald was sentenced to 20 years in MDOC custody, with 20 years suspended under unsupervised post-release supervision through MDOC.   *See id.* The sentence for Count II was ordered to run consecutively to the sentence imposed in Count I.   *See id.*    McDonald did not file a direct appeal.

On September 22, 2025, McDonald filed in the Circuit Court a "Motion for Relief from Void Judgment and Illegal Sentence" under Mississippi Rule of Civil Procedure 60(b)(6).   *Id.* at 71.   The Circuit Court denied the Motion on October 2, 2025, *see id.* at 95, and there is no indication that McDonald appealed that denial or

otherwise initiated any proper post-conviction filings in the Mississippi Supreme Court, *see* R. & R. [9] at 2; Mississippi Appellate Courts General Docket, https://courts.ms.gov (last visited June 15, 2026).

On or about September 22, 2025, McDonald deposited a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the prison mailing system, which was received and docketed by the Clerk on September 25, 2025.   *See* Pet. [1] at 1, 8-9. Respondents filed a Motion [9] to Dismiss, arguing that the Petition [1] should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).   *See* Mot. [9] at 3-10.   After a full review of the record, the Magistrate Judge recommended that Respondents' Motion [9] be granted and that McDonald's Petition [1] be dismissed with prejudice as untimely.   *See* R. & R. [14] at 5.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law.   *See id.*   The Petition [1] is untimely, and dismissal

with prejudice is warranted.    *See* 28 U.S.C. § 2244(d).    The Court will adopt the Magistrate Judge's Report and Recommendation [14] as the opinion of this Court, grant Respondents' Motion [9] to Dismiss, and dismiss the Petition [1] for Writ of Habeas Corpus with prejudice as barred by the applicable statute of limitations. *See id.*

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [14] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on May 26, 2026, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondents' Motion [9] to Dismiss is **GRANTED**, and Petitioner Gregory McDonald's Petition [1] for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as barred by the applicable statute of limitations.

**SO ORDERED AND ADJUDGED**, this the 16th day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4